UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ANDREW SALES, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | No. 1:09CV160SNLJ |
|  | ) |  |
| TYSON FOODS, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to compel filed November 10, 2010 (#43), plaintiff's Supplemental Motion to Compel filed December 1, 2010 (#52), and plaintiff's December 7, 2010 letter to the Court (#52) which withdraws the Supplemental Motion to Compel and requests an extension of time in which to respond to defendant's Motion for Summary Judgment. Defendant filed a response to plaintiff's November 10, 2010 Motion to Compel on November 22, 2010 (#47).

At the outset, the Court notes the impropriety of the form of plaintiff's letter to the Court. Federal Rule of Civil Procedure 7(b)(1) requires that a "request for a court order must be made by motion." Plaintiff's letter is clearly inappropriate, and future letters will be returned.

There appears to be some confusion regarding the status of discovery in this case. Plaintiff's November 10 motion to compel states that plaintiff requested numerous materials from defendant, defendant had objected to producing said materials, and that negotiations with defense counsel had been unproductive. The defendant responded on November 22 and stated that the defense had produced the information and documents regarding the "previously-disputed"

requests. Then, plaintiff filed his "Supplemental Motion to Compel Production of Documents and Response to Defendant Motion to Compel Production of Documents" (#52), which appears to be a reply brief and neither a new motion nor a response to a defense motion, as defendant has not filed a motion to compel. Regardless, plaintiff states in his "Supplemental Motion" that his dispute with defendant is still ongoing, that plaintiff has not received the agreed-upon documents, and that plaintiff believes defense counsel is being untruthful with the Court. Plaintiff requests an extension of time to file his opposition to defendant's motion for summary judgment, a hearing on the discovery matters, sanctions, and disqualification of defendant's counsel.

Then, on December 7, 2010, plaintiff sent a letter to the Court stating he had received the documents that defendant agreed to send and that his "Supplemental Motion" was therefore moot. Plaintiff still wants a hearing on his motion to compel and a writ of habeas corpus ad testificadum. Plaintiff also again requested an extension of time in which to respond to defendant's motion for summary judgment, but he did not state how long of an extension he requires.

First, as to plaintiff's motion to compel filed November 10, 2010, plaintiff has not articulated what discovery requests remain in dispute. Defendant indicates in its response that "discovery issues have been resolved" as to Plaintiff's Third Request for Production. Defendant states that plaintiff has not identified what information if any he still seeks from his Fourth Request for Production. Plaintiff did not address either of these matters in either of his subsequent filings.

With respect to plaintiff's Third Request for Production, any discovery disputes appear to have been resolved. As to plaintiff's Fourth Request for Production, those requests call for

1. Names of all white employees who challenged "points" that were assessed against

them in January 2009 for failure to comply with the attendance policy.

2. Defendant's policy on qualification and training required to be a supervisor.

3. Defendant's policy on what positions are defined as management positions.

Although each of those requests are perhaps more appropriately styled as interrogatories (*see* Fed. R. Civ. P. 33), the Court has no reason to believe those requests are unreasonable in scope assuming that they are limited to the facility where plaintiff worked. Rather than invite additional briefing and a continuation of this discovery dispute, and to the extent defendant has not already responded to those requests, the Court will order defendant to respond to the plaintiff's Fourth Requests.

Second, plaintiff's request for an extension of time was made without advising the Court as to how long of an extension plaintiff seeks. In the future, the plaintiff should provide the Court with that information. The Court will grant plaintiff additional time in which to respond; however, seeing that the plaintiff filed his response in opposition to the defendant's motion for summary judgment on December 16 (3 days after the deadline), the Court will grant the motion and accept plaintiff's late filing.

Finally, plaintiff's request for a hearing and sanctions will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel, filed November 10, 2010 is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that defendant shall produce documents responsive to Plaintiff's Fourth Request for Production, to the extent it has not already done so, within 21 days from the date of the entry of this order.

**IT IS FURTHER ORDERED** that plaintiff's "Supplemental Motion to Compel Production of Documents and Response to Defendant Motion to Compel Production of Documents," filed December 1, 2010 (#52) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's requests for a hearing and for sanctions are **DENIED**.

**IT IS FINALLY ORDERED** that plaintiff is granted additional time in which to respond to defendant's motion for summary judgment, and that plaintiff's late-filed response (#54) shall be accepted.

Dated this __20th__ day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE