# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ANDREW SALES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:09CV160SNLJ |
| TYSON FOODS, INC., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's third motion to compel, filed January 18, 2011 (#70). Plaintiff requests a hearing on sanctions, that defense counsel be disqualified, and that the defendant be ordered to produce a policy regarding holding management-level employees to a higher standard than hourly employees. Defendant filed a response on January 28, 2011 (#73).

The substance of plaintiff's motion consists entirely of four paragraphs:

    1.    On December 20, 2010 this court ordered defendant to respond to plaintiff['s] fourth request.

    2.    On January 13, 2011, plaintiff received Exhibit C, which is an index on course[s] for supervisor.

    3.    In *Griffin v. Tyson Food, Inc.*, United States District Court for the Eastern District of Arkansas, Pine Bluff Division, No. 5-06-cv-00214-JLH, the District Court held Tyson holds Managment-level employees to a higher standard of conduct than hourly employees.

    4.    Again defendant should be order[ed] to produce policy on the above standard.

Defendant Tyson Foods, Inc. ("Tyson") responded to plaintiff's motion to compel notwithstanding the fact that plaintiff does not seem to have complied with Federal Rule of Civil Procedure 37(a)(2)(A), which requires that plaintiff, as the moving party, "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." As a result, in order to bring this matter to a close, the Court will proceed with this Order despite plaintiff's noncompliance.

The December 20, 2010 Order (#55) instructed defendant to respond to plaintiff's Fourth Request for Production, which requested

1. Names of all white employees who challenged "points" that were assessed against them in January 2009 for failure to comply with the attendance policy.

2. Defendant's policy on qualification and training required to be a supervisor.

3. Defendant's policy on what positions are defined as management positions.

The plaintiff's motion indicates that in response, defendant produced "Exhibit C," which according to a declaration from Tyson's Assistant Director of Human Resources in Dexter, Missouri, "shows specific training sessions which [two supervisors] were required to attend and the dates on which they attended those training sessions." Plaintiff seems to object to the production of that document and, mentions — without citation — *Griffin v. Tyson Food, Inc.*, 2007 WL 1540255 (E.D. Ark. May 24, 2007), in which that court held that a supervisor, who was discharged for violating Tyson's sexual harassment policy, was not similarly situated to hourly employees because Tyson holds management-level employees to a higher standard of conduct than hourly employees.

Plaintiff argues that "defendant should be order[ed] to produce [the] policy on the above standard." Plaintiff does not connect Exhibit C — which is responsive to "Defendant's policy on qualification and training required to be a supervisor" — with his request that defendants produce a "policy" relating to the *Griffin* case.

Defendant responds that it has fully complied with plaintiff's requests, and it attached the declaration it supplied to respond to the plaintiff's questions. Under Federal Rule of Civil Procedure Rule 26(b)(1), parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Plaintiff has certainly not shown how documents relating to conduct standards to which supervisors are held would be relevant to his claim or Tyson's defense.

Plaintiff's request for a hearing and sanctions will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel (#70), filed January 18, 2011 is **DENIED.**

Dated this 14th day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE